PEOPLE ex rel. PATRICK v. FROST, Warden.

(Supreme Court, Appellate Division, Second Department. December 2, 1909.)

CRIMINAL LAW (§ 1003*)—DEATH SENTENCE—ENFORCEMENT.

Though, after the granting of a stay by a judge of the Court of Appeals, the week within which the sentence of death was fixed for execution expired, the judgment inflicting the punishment stood in full force, and the procedure by Code Cr. Proc. §§ 503, 504, for directing execution, obtained.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2560; Dec. Dig. § 1003.*]

Habeas corpus by the People, on the relation of Albert T. Patrick, against Jesse D. Frost, as Warden of the Sing Sing State Prison. Writ dismissed, and relator remanded to custody.

See, also, 133 App. Div. 179, 117 N. Y. Supp. 524.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

William L. McDonald and Albert T. Patrick, for petitioner.

Robert C. Taylor, for respondent.

JENKS, Acting P. J. Some months ago the relator made an application for a writ of habeas corpus, based upon the fact that, after he was convicted of murder in the first degree and sentenced to the penalty of death, the Governor of the state, under the power vested in him by the Constitution, granted a commutation. Many points were raised upon that application, and the matter was discussed at great length, and heard by this court with great patience. The court was then unanimously of the opinion that the application should be dismissed.

I understand that the purpose of the relator is to review in the Court of Appeals the action of this court upon that application for a writ of habeas corpus, which resulted in the dismissal of the writ and his remand; and in order that he may raise all the questions which are possible, or which occur to him, this further application for a writ of habeas corpus has been made, so that the court may pass upon a question which was not then raised by the relator. That question, roughly stated, is raised upon the fact that, after a stay was granted by Judge Denis O'Brien, of the Court of Appeals, the week within which the sentence was fixed for execution expired. Section 503 of the Code of Criminal Procedure provides as follows:

"Whenever, for any reason other than insanity or pregnancy, a defendant sentenced to the punishment of death has not been executed pursuant to the sentence, at the time specified thereby, and the sentence or judgment inflicting the punishment stands in full force, the Court of Appeals, or a judge thereof, or the Supreme Court, or a justice thereof, upon application by the Attorney General or of the district attorney of the county where the conviction was had, must make an order directed to the agent and warden or other officer in whose custody said defendant may be, commanding him to bring the convict before the Court of Appeals or a term of the Appellate Division of the Supreme Court in the department, or a term of the Supreme Court in the county where the conviction was had."

Section 504 provides as follows:

"Upon the defendant being brought before the court, it must inquire into the circumstances, and if no legal reason exists against the execution of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

sentence, it must issue its warrant to the agent and warden of the state prison mentioned in the original warrant and sentence, under the hands of the judge or judges, or a majority of them, of whom the judge presiding must be one, commanding the said agent and warden to do execution of the sentence during the week appointed there."

We are of unanimous opinion that, even upon the expiration of the week in question, the judgment inflicting punishment stood in full force, and that, therefore, the procedure prescribed by the sections of the statute which I have just quoted, namely, section 503 and section 504 of the Code of Criminal Procedure, obtained.

For this reason, the writ is dismissed, and the relator is remanded to the custody whence he came. All concur.